## SMITHEY v. MYERS.

Court of Appeals of District of Columbia.
Submitted March 17, 1927. Decided
May 2, 1927.

Petition for Rehearing Denied May 20, 1927.

No. 1938.

Patents ⊜➝91(4)—Party to interference proceeding held not entitled to priority of invention of motor vehicle instrument indicating need of lubrication or inspection.

Party to interference proceeding involving invention of device to be mounted on instrument board of motor vehicle, and used to indicate need of lubrication or inspection of various parts after traveling certain distances, *held* not entitled to priority on strength of prior patent.

Appeal from Commissioner of Patents.

Patent interference proceeding between Marvin Smithey and Eugene V. Myers. From a decision of the Commissioner of Patents for the latter, the former appeals. Affirmed.

C. J. Williamson, of Washington, D. C., for appellant.

L. E. Giles and E. V. Myers, both of New York City, for appellee.

Before MARTIN, Chief Justice, and ROBB and VAN ORSDEL, Associate Justices.

MARTIN, Chief Justice. An appeal in an interference proceeding. The invention in issue consists of a device whose special use is to be mounted upon the instrument board of a motor vehicle, to indicate, by means of spaced indicia or notations shown thereon, the need of lubrication or inspection of various parts of the vehicle, after traveling certain distances. There are three counts in issue, of which the first is sufficiently illustrative, and reads as follows:

"1. An indicator for a device having various parts requiring attention as to lubrication, etc., in accordance with its extent of use, said indicator comprising a rotary member having a series of indicia thereon as to the nature of the attention required at different multiples of a predetermined unit of run, means for bringing said indicia in succession in register with a sight opening, a shutter which may be operated at will to close said sight opening when the required attention has been rendered, and means controlled by the subsequent rotation of said rotary member for opening said shutter."

Both parties are applicants. Smithey filed on November 23, 1921; Myers filed on March 30, 1920, and is the senior party. Both parties filed preliminary statements, but neither took testimony. Smithey, however, gave notice that he would, on the question of priority, make use of a prior application filed by him on September 18, 1916, on which a patent was issued on June 10, 1924. In view of this application and patent, Smithey filed a motion to shift the burden of proof; but the motion was denied. In the absence of testimony the sole question in the case is whether Smithey's earlier application was a disclosure of the present issue. Four concurring decisions adverse to Smithey's contention were entered in the Patent Office, to wit, the ruling upon the motion to shift, and the successive decisions of the Examiner of Interferences, the Examiners in Chief, and the Commissioner of Patents.

Myers' device consists of a disk wheel having an indicating face, which bears in spaced relation suitable indicia or notations as to the need of lubrication or inspection of parts of the car after it has traveled certain distances. The indicating wheel is to be mounted behind the dashboard of an automobile, so that, when rotated, the indicia will successively register with a sight opening through the dashboard. A shutter is provided to close the sight opening when desired, thereby showing that the indicated lubrication or inspection has been performed. The indicating wheel is operated manually. The shutter is closed manually, but is opened automatically by means of friction with the drum.

Smithey's prior patent discloses a rotating drum mounted within a housing having an open face covered by a glass disk. A series of odometers are mounted in the drum, each provided with a sight opening, which is intended to be closed automatically by a shutter when the odometer has registered a certain distance. The shutter may be opened manually. Indicia are placed upon the face of the drum in association with each of the odometers to indicate the need of lubrication or adjustment at certain distances. The rotation of the drum and the appearance of the indicia at the open face of its housing do not give warning of the times when service is to be rendered. These times are intended to be determined solely in accordance with the indications given by the odometer readings or the closing of the shutters. There is no relation or co-ordination between the shutters and the large sight opening, other than the fact that, when the drum is rotated to bring the indicia and the various odometers

into position to be viewed through the opening, the shutters are or may have been closed.

These descriptions disclose that Smithey's prior patent does not support the counts of the interference, for the sufficient reason that the shutters of the issue "may be operated at will to close said sight opening when the required attention has been rendered," which is a limitation not contained in Smithey's patent, and likewise because of the provision of the counts for "means controlled by the subsequent rotation of said rotary member for opening said shutter."

It is argued by appellant that these differences are unimportant and immaterial, but this claim was rightly overruled below. As was said by Mr. Justice Van Orsdel in Wilson v. Ellis, 42 App. D. C. 552, 554: "There is a rule, which has been long established and many times confirmed, that all limitations appearing in the counts of an interference will in interference proceedings in the Patent Office be regarded as material to the invention covered by such counts. This rule is the only practicable one which the Office can adopt." See also Bijur v. Rushmore, 46 App. D. C. 395.

We agree with the concurrent decisions of the Patent Office that the interference counts are not supported by Smithey's prior patent. The decision of the Commissioner of Patents is affirmed.